IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **EMMANUEL NGUIJOL,** : | **CIVIL NO. 1:07-CV-2297** |
| : | |
| Petitioner : | |
| : | |
| v. : | (Judge Conner) |
| : | |
| **MICHAEL B. MUKASEY,** : | |
| **IMMIGRATION AND CUSTOMS** : | |
| **ENFORCEMENT,** and : | |
| **DEPARTMENT OF HOMELAND** : | |
| **SECURITY** : | |
| : | |
| Respondents : | |

# **ORDER**

      AND NOW, this 24th day of November, 2008, upon consideration of the report of the magistrate judge (Doc. 12), recommending that petitioner's petition for a writ of habeas corpus (Doc. 1) be dismissed, to which no objections were filed, and following an independent review of the record, it appearing that petitioner filed the instant petition as a challenge to his detention pending removal, and not as a challenge to removal,[1] see, e.g., Lindaastuty v. Attorney Gen., 186 F. App'x 294, 298

---

[1] The distinction between a challenge to detention pending removal and a challenge to removal is critical. See Kumarasamy v. Attorney Gen., 453 F.3d 169, 173 (3d Cir. 2006) (reviewing a challenge to removal that was filed after petitioner was removed but noting that deportation of petitioner after filing of the petition should not divest the court of jurisdiction to consider the petition). The court agrees with the magistrate judge that petitioner merely sought release from custody and did not challenge the government's efforts to remove him from the United States. Petitioner explicitly stated this fact in his petition, (see Doc. 1 at 3), and cited his efforts to obtain travel documents to facilitate removal in support of his challenge to prolonged detention, (see id. at 3, 6, 7). Therefore, petitioner's subsequent removal rendered his petition moot.

(3d Cir. 2006) (concluding that petitioner's deportation rendered his petition challenging detention following removal proceedings moot); <u>Felix v. Bureau of Immigration & Customs Enforcement</u>, Civ. A. No. 3:05-2211, 2007 WL 951425 (M.D. Pa. Mar. 27, 2007), and the court concluding that the petition is moot because petitioner achieved the relief sought in his petition when he was released from custody and deported on April 11, 2008,[2] (<u>see</u> Doc. 11), it is hereby ORDERED that:

1. The report and recommendation of the magistrate judge (Doc. 12) is ADOPTED.

2. The petition for a writ of habeas corpus (Doc. 1) is DISMISSED as moot.

3. The Clerk is directed to CLOSE this case.

   S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

---

[2] Absent collateral consequences, a habeas petition is rendered moot when a habeas petitioner obtains the relief sought.  See <u>DeFoy v. McCullough</u>, 393 F.3d 439, 441, 442 n.3 (3d Cir. 2005); <u>see also</u> <u>Wang v. Cicci</u>, 132 F. App'x 403, 404 (3d Cir. 2005) (concluding habeas petition was not mooted by release where petitioner faced the burdensome collateral consequence of deportation if habeas petition failed).